The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GREGORY LYLE BRIDGES, <br><br> Defendant. | NO. CR15-181 MJP <br><br> GOVERNMENT'S SENTENCING MEMORANDUM |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Cecelia Gregson, Special Assistant United States Attorney and J. Tate London, Assistant United States Attorney for said District, respectfully submit this Sentencing Memorandum in the above captioned case.

Defendant, Gregory Lyle Bridges, is before the Court for sentencing following his pleas of guilty to Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct as charged Count I, in violation of 18 U.S.C. § 2252(a)(4)(B), 2252(b)(2), and Counts III and IV, Travel with Intent to Engage in a Sexual Act with a Minor, in violation of 18 U.S.C. § 2423(b). Defendant is scheduled to be sentenced at 10:00 a.m. on September 1, 2016. For the reasons that follow, the government respectfully recommends that the Court sentence Mr. Bridges to 120 months imprisonment followed by lifetime supervision, restitution, and no contact with the victim of Counts III and IV.

GOVERNMENT'S SENTENCING MEMORANDUM - 1
CR15-181 MJP; GREGORY LYLE BRIDGES

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

# I. BACKGROUND

## A. Facts Established by Defendant's Plea Agreement[1]

On December 30, 2013, the defendant uploaded six sexual abuse images of minors to his Dropbox account via public sharing links. As a result of this activity, Dropbox reported the images to the National Center for Missing and Exploited Children and law enforcement began investigating the defendant for possession of thousands of files depicting child pornography, including images of children under the age of twelve being sexually abused.

Subsequent investigation into the defendant's accounts revealed he had been communicating with a fourteen-year-old minor male from Colorado (hereafter MV1). The defendant began a sexual relationship with MV1 when MV1 was fourteen-years-old. The defendant flew from Seattle-Tacoma International Airport to the State of Colorado on April 5, 2013, and again on April 26, 2013, and had sexual intercourse with MV1 on both occasions in various hotels the defendant secured for the weekend.

## B. Facts Established by the Investigation

The defendant was first charged in King County Superior Court with Dealing and Possession of Depictions of Minors Engaged in Sexually Explicit Conduct on August 27, 2014, involving 2,974 images of child pornography and 1,723 videos of child pornography. PSR at 4, 10. Law enforcement continued to analyze the defendant's seized devices and accounts after noticing the defendant had many images and contacts with youthful appearing males over the previous ten years. Months of investigation yielded the identity of several men in their mid-twenties and sixteen-year-old MV1. Law enforcement interviewed two males residing in New York, who reported meeting the defendant online between the ages of sixteen to seventeen-years-old and having sexual relationships with the defendant. PSR at 5. A third male residing in Chicago, Illinois was located by agents. PSR at 5. When agents attempted to take a statement from this individual, he declined to be interviewed.

---

[1] Defendant's Plea Agreement is Docket No. 46.

GOVERNMENT'S SENTENCING MEMORANDUM - 2
CR15-181 MJP; GREGORY LYLE BRIDGES

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

When law enforcement initially contacted MV1 and his grandparents, MV1 was still in contact with the defendant. MV1 was then sixteen-years-old. Only after having been indicted on federal charges on May 20, 2015, (Docket No.1), and the Court's imposition of a condition of no contact with minors did the defendant cease to communicate with MV1 (Docket No. 6). After several months without communication from the defendant, MV1 began to critically examine his relationship with the defendant. It was during this time MV1 provided an interview to law enforcement and testimony before the grand jury.

MV1 was very clear throughout the pendency of this case that he met the defendant when the defendant sent a message to his Facebook account. PSR at 5. MV1 was clear about his age at the time, fourteen-years-old. MV1 was clear about living with his grandparents due to parental failures, failures that made him vulnerable. The defendant was able to shift MV1 from Facebook messaging to unmonitored texting by sending him phones. PSR at 5. The defendant groomed MV1, speaking to him daily, texting him, and Skyping with him. The defendant sent MV1 self-exploitive nude images and encouraged MV1 to do the same. MV1 believed he was exclusively dating the defendant. MV1 believed they were in love. PSR at 5. MV1 reported disclosing sexual abuse to the defendant prior to the defendant engaging in sexual acts with MV1.

MV1 spent two weekends in April 2013, with the defendant at various hotels in Colorado. PSR at 5. MV1 described being taken to dinner and outings with the defendant prior to returning to hotel rooms for sexual intercourse. MV1 was deeply, negatively impacted by the defendant's actions and has suffered academically and personally. PSR at 5.

## II. GUIDELINES CALCULATIONS

The government concurs with the U.S. Probation Office calculation of the offense level for Count I:

| | | |
|---|---|---|
| Base Offense Level | 18 | USSG § 2G2.2(a)(1) |
| Presence of prepubescent minors | +2 | USSG § 2G2.2(b)(2) |
| Sadistic/masochistic abuse | +4 | USSG § 2G2.2(b)(4) |
| Pattern of activity | +5 | USSG § 2G2.2(b)(5) |

GOVERNMENT'S SENTENCING MEMORANDUM - 3
CR15-181 MJP; GREGORY LYLE BRIDGES

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | | |
|---|---|---|
| Use of a computer | +2 | USSG § 2G2.2(b)(6) |
| More than 600 images | +5 | USSG § 2G2.2(b)(7) |
| Multiple Count Adjustment | + 3 | |
| Total combined adjusted offense level | 39 | |
| Acceptance of responsibility | -3 | |
| **Total** | **36** | |

The government concurs with the U.S. Probation Office calculation of the offense level for Counts III and IV:

| | | |
|---|---|---|
| Base Offense Level | 28 | USSG § 2G1.3(a)(3) |
| Use of a computer | +2 | USSG § 2G1.3(b)(A) |
| Offense involved commission of sex act | +2 | USSG § 2G1.3(b)(4) |
| Multiple Count Adjustment | + 3 | |
| Total combined adjusted offense level | 35 | |
| Acceptance of responsibility | -3 | |
| **Total** | **32** | |

With a CHC of I, the defendant's Sentencing Guidelines Range is 188-235 months of imprisonment.[2] In the plea agreement, the parties expressly agreed that the government would recommend no more than 120 months and the defense was free to recommend any sentence. In exchange for the defendant's agreement to submit to a pre-sentence psycho-sexual evaluation, the government agreed to a three-level reduction from the total offense level. While a sexual deviancy evaluation has not been yet provided, it is expected to arrive prior to sentencing warranting a three level variance.

/////

/////

/////

---

[2] Should the sexual deviancy evaluation and polygraph arrive prior to sentencing, the defendant's range will be 135-168 months imprisonment, reflecting a three level variance.

GOVERNMENT'S SENTENCING MEMORANDUM - 4
CR15-181 MJP; GREGORY LYLE BRIDGES

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

III. SENTENCING RECOMMENDATION

Considering the factors set forth in 18 U.S.C. § 3553(a), the government recommends that the Court impose a sentence of 120 months imprisonment with lifetime supervision upon release and no contact with MV1.

### A. Term of Imprisonment

#### 1. The Nature and Circumstances of the Offense

In 2013, the thirty-six-year-old defendant approached fourteen-year-old MV1 through an innocuous social media website that accurately depicted MV1's true identity, age, and juvenile interests. MV1 was struggling with his sexual identity and had not disclosed his orientation to his own family members. MV1 was living with his grandparents and had experienced a very difficult childhood, all of which he shared with the defendant. The defendant capitalized upon his looks, wealth, and life experience in what can only be described as a feigned courtship of MV1. The defendant wooed MV1 with gifts and weekend getaways. The defendant flattered MV1. The defendant made MV1 feel special and filled a gaping whole life had straddled MV1 with at an early age.

MV1 lacked the sophistication and life experience to accurately assess the defendant's true intentions and naively mistook the defendant's seductive manipulations for love. The defendant sexually abused MV1 anally and orally. Sexual acts with any fourteen-year-old are harmful, damaging, and life altering. MV1 shared with investigators and through sworn testimony that he disclosed being a child victim of sexual abuse, but the defendant was not deterred by that information and pressed on with sexual abuse shortly after being informed.

By pleading guilty to these charges, the defendant has avoided prosecution in Colorado for sex offenses perpetrated against MV1, however, the defendant undeniably remains a hands-on sexual abuser. The defendant sensed MV1's vulnerabilities; they are likely what made MV1 a target of the defendant's attentions. The abuse both physically and mentally inflicted by the defendant has had a devastating effect upon MV1.

GOVERNMENT'S SENTENCING MEMORANDUM - 5
CR15-181 MJP; GREGORY LYLE BRIDGES

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

It is not appropriate to view the defendant's actions towards MV1 in isolation. Investigators discovered the defendant engaged in a pattern and practice of sexualized relationships with teens. It cannot be overlooked that the defendant's Dropbox account contained nearly three thousand images and videos of child pornography. That fact, coupled with the defendant's ten year plus history of sexualized and inappropriate contact with minor males evidences an entrenched and concerning sexual interest in minors and warrants a severe sentence commensurate with the crimes committed against MV1 and minors victims depicted in the sexual abuse images collected by the defendant.

**2. The History and Characteristics of the Defendant**

The defendant has strong family support, providing him with a solid resource for structure and pro-social activities upon release from custody. He described a childhood with loving parents, educational and occupational opportunities. PSR at 10,11. This cannot be said for most defendants coming before the Court. It is hard to account for the defendant's abhorrent conduct when considering his roots.

The defendant managed to present to the community a successful individual when he was secretly engaged in a pattern of enticement and sexual abuse of MV1 and others before MV1. The defendant has benefitted from a stable family, secure employment, and positive social aspects of life that few defendants enjoy, making his conduct all the more troublesome.

The lack of a sexual deviancy evaluation at the time of preparing a sentencing memorandum denied the government an opportunity to assess the defendant's motivations, sexual history, amenability to treatment, and risk of re-offense. The facts before the Court are quite stark, however. The defendant had a life many would be thankful to lead filled with family, friends, health, and success. Rather than engage in relationships with peers, the defendant employed his positive attributes to lure a fourteen-year-old boy into sexual activity. The defendant not only travelled, he abused and for that conduct a sentence of 120 months imprisonment is reasonable and just.

GOVERNMENT'S SENTENCING MEMORANDUM - 6
CR15-181 MJP; GREGORY LYLE BRIDGES

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

### 3. Promoting Respect for the Law, Providing Just Punishment, Affording Adequate Deterrence to Criminal Conduct and Avoiding Unwarranted Sentencing Disparity

Sentencing the defendant to 120 months of imprisonment is warranted on the facts of this case. There are very few crimes that are more serious than crimes that involve the sexual abuse and exploitation of children. As a result, Congress has increased the punishment for child exploitation crimes in an attempt to protect children. *See, e.g., New York v. Ferber*, 458 U.S. 747 (1982) (noting, nearly 30 years ago, that the "Government has a compelling state interest in protecting children from those who sexually exploit them, including both child molesters and child pornographers").

In the past year, the Western District of Washington has prosecuted two individuals for Travel with Intent to Engage in a Sexual Act with a Minor. Unlike Mr. Bridges, neither defendant engaged in hands-on sexual abuse of a minor. In both circumstances, the government recommended a range of 78 to 97 months (U.S. v. Beavis CR15-121RAJ; U.S. v. Mahal 15-039RSL). As a thirty-six-year-old man the defendant repeatedly travelled a great distance to meet with MV1, a fourteen-year-old-child. The defendant sexually abused the MV1 on numerous occasions over the course of two weekend long getaways devised by the defendant. A sentence of 120 months accurately captures the defendant's conduct in a manner analogous to similarly situated individuals. The defendant did more than travel and a sentence denoting the true extent of his crimes is necessary and appropriate.

### B. Lifetime Supervision

The government respectfully recommends that a term of lifetime supervised release is appropriate given the danger the defendant poses to society. Defendant has demonstrated a sexual interest in minor males. The true extent of his deviancy and amenability to treatment are at this time unknown.

### C. Restitution

After consulting with counsel representing series victim SpongeB and series victims J_Blond, the government is requesting $5,000 restitution each, for a total of $10,000.

GOVERNMENT'S SENTENCING MEMORANDUM - 7
CR15-181 MJP; GREGORY LYLE BRIDGES

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

Counsel for series victim SpongeB requested that restitution be paid at sentencing in exchange for reducing the amount initially requested. Despite repeated conversations, MV1 does not wish to seek restitution from the defendant.

## IV.  CONCLUSION

For the foregoing reasons, the government respectfully recommends the Court impose a sentence of imprisonment of 120 months, with lifetime supervised release to follow.

DATED this 31st day of August, 2016.

*s/ Cecelia Y. Gregson*
CECELIA Y. GREGSON
Special Assistant United States Attorney
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: (206) 553-4325
Fax: (206) 553-0755
Email: cecelia.gregson@usdoj.gov

*s/ J. Tate London*
J. TATE LONDON
Assistant United States Attorney
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: (206) 553-4064
Fax: (206) 553-0755
Email: tate.london@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 8
CR15-181 MJP; GREGORY LYLE BRIDGES

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 31, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the defendant(s).

*s/ Jacqueline Masonic*
JACQUELINE MASONIC
Supervisory Legal Admin Specialist
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: 206-553-7970
Fax: 206-553-0755
Email:  Jackie.Masonic@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 9
CR15-181 MJP; GREGORY LYLE BRIDGES

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970